**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL HOLTSINGER, | No. 10-16076 |
| Plaintiff-Appellant, | D.C. No. 2:03-cv-00732-MCE-CMK |
| vs. | |
| | MEMORANDUM[*] |
| Tonya Voros; T. Nolan, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted June 16, 2011[**]
San Francisco, California

Before: BYBEE and MURGUIA, Circuit Judges, and SINGLETON, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James K. Singleton, Senior District Judge for the U.S.
District Court for Alaska, Anchorage, sitting by designation.

California state prisoner Michael Holtsinger appeals the district court's grant of summary judgment in favor of Defendant T. Nolan on Holtsinger's 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Holtsinger also appeals the district court's award of $500 in compensatory damages in his favor and against Defendant Tonya Voros. Upon consideration of the law, arguments, and record, we affirm on both counts. Because the history of this case is familiar to the parties, we need not recount it here.

We have reviewed the record *de novo*, as we must, *see Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and agree with the district court that no genuine issue of material fact exists regarding whether Defendant Nolan was deliberately indifferent to Holtsinger's medical needs in violation of the Eighth Amendment. The undisputed facts show that Nolan, in his position as a psychologist, did not have the authority to diagnose medical needs or prescribe treatment for such, nor did he have the authority to order medical treatment and thus could not ensure that Holtsinger receive emergency medical treatment. *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (explaining that a defendant can be held liable for failure to intercede to prevent constitutional violation only if he had a realistic opportunity to do so). Accordingly, the district court did not err in granting summary judgment to Defendant Nolan.

2

The court reviews the district court's damages determination following a bench trial for clear error. *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 (9th Cir. 2004). Although Holtsinger considers the $500 in compensatory damages awarded to him for Voros's indifference to be inadequate, a review of the record does not indicate that the district court clearly erred in making such award.

**AFFIRMED.**